UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Randolph Warren Mayley**, | ) **C/A No. 8:11-CV-0768-JMC-JDA** |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **Greta McPherson**, *IRS Agent # 08-60560*; | ) |
| **McPherson's Coworkers**, *as individuals*; | ) |
| **Internal Revenue Service**, *her employer*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

## *Background of this Case*

This is a tax protester case.  Plaintiff is a resident of Easley, South Carolina.

Plaintiff has brought suit against an Agent of the Internal Revenue Service, the Agent's

co-workers, and the Internal Revenue Service (hereinafter "the Service").  Plaintiff seeks

damages against the Defendants and also seeks to quash two third-party summonses

issued by the Service.[1]

---

[1]Plaintiff refers to himself as a "Sui Juris, natural person" in the caption of the
Complaint.   The petitioner appears to be attempting to refer to the doctrine of *jus summi
imperii* (sometimes called *jura summa imperii*) which refers to the right of supreme
dominion or the right of sovereignty. *Black's Law Dictionary* (electronic edition, 1999). *Jus*
and *jura* are singular and plural forms, respectively, of the Latin word meaning "right."
(continued...)

A separate civil action has been assigned to address Plaintiff's claims relating to his attempt to quash the third-parties summonses, *Randolph W. Mayley v. United States of America, et al.*, Civil Action No. 8:11-CV-0896-JMC-JDA, because Plaintiff may still file an action in federal district court to quash an IRS summons issued to a third party. Section 7609(h) provides that the district court has jurisdiction *if the summoned person resides or is found in that district*. *See* 26 C.F.R. § 301.7609-4(b).

Plaintiff states that Agent McPherson "appears to be a rogue agent on an unlawful 'witch-hunt' of sort to dig up something against me." (Complaint [ECF No. 1], at page 3). Plaintiff states that he has, by letter, apprised Agent McPherson that her actions are unlawful. Plaintiff contends that Agent McPherson and her co-workers are acting as private individuals and are, therefore, personally and individually liable for damages.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of*

---

(...continued)

There is no such thing as a writ of sovereign rights, except, of course, in pleadings filed by tax protesters and militia groups. *See* Tanya Telfair Sharpe, *The Identity Christian Movement: Ideology of Domestic Terrorism*, 30 Journal of Black Studies Issue 4 (March 1, 2000), *available at* 2000 WL 12727206.

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, Plaintiff's or petitioner's allegations are assumed to be true.  Nevertheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that a defendant is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   Even under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S.  327, 337 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the

4

allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

The undersigned is treating this matter, in part, as a *Bivens* action. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000).

The above-captioned case is barred by the Anti-Injunction Act. The Anti-Injunction Act, 26 U.S.C. § 7421(a) provides that, unless certain exceptions are applicable:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]

The United States Court of Appeals for the Fourth Circuit has held that, if there is no express provision for an exception in the Anti-Injunction Act itself, a lower federal court may not create an exception. *See Clark v. Baker (In re Heritage Church and Missionary Fellowship)*, 851 F.2d 104, 105-106 (4th Cir. 1988) (the "PTL" bankruptcy case).[3]

The Supreme Court of the United States has indicated that the purpose of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob*

---

[3]One distinguished commentator (now deceased) noted:

> Section 6213(a) is no mere technicality. Prior to establishment in the mid-1920's of the Board of Tax Appeals (now the Tax Court), one could litigate a tax assessment only by paying the tax and suing for a refund in a district court or the Court of Claims (now the U. S. Claims Court). With the advent of the Board of Tax Appeals, one could litigate without paying. The keystone of the new system was a restraint on assessment until the taxpayer's right to petition the Board was exercised or waived or lapsed, and, thereafter, if the right was exercised, while litigation was proceeding. Violation of the rule by the Service was made one of the few exceptions to the Anti-Injunction statute now found in section 7421. Taxpayers retain the right to pay the tax and litigate in a federal district court or the Claims Court, but, not surprisingly, the vast majority of litigated cases (80 to 90 percent) follow the Tax Court route.

Charles S. Lyon, *Disclosure of Grand Jury Materials: Why the Supreme Court Was Wrong in Baggot,* 39 Tax Law Review 215, 216-17 (1984).

*Jones University v. Simon*, 416 U.S. 725, 736 (1974).[4]  *See also Rochefort v. Gibbs*, 696

F. Supp. 1151, 1152-53 (W.D. Mich. 1988); and *Allen v. I.R.S. Commissioner*, No.

1:08 CV 0632, 2008 U.S. Dist. LEXIS 27715, 2008 WL 928495 (N.D. Ohio April 4, 2008)

(Anti-Injunction Act applicable to suit removed from state court: "The Anti-Injunction Act

deprives this court of jurisdiction to entertain any suit the purpose of which is to restrain the

assessment or collection of any tax. 26 U.S.C. § 7421(a).  Accordingly, this matter was

properly removed to this court pursuant to 28 U.S.C. § 1442(a)(1)[.]").

The Supreme Court of the United States has judicially created a limited exception

to the Anti-Injunction Act.  *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1,

7 (1962).[5]  In order to establish a claim for injunctive relief under the holding in *Enochs v.*

*Williams Packing & Navigation Co.*, the taxpayer must show: *(1)* under the most liberal view

of the applicable laws and facts, it is clear that the government cannot prevail on the

merits; **and** *(2)* absent an injunction, irreparable injuries will occur for which there is no

adequate remedy at law.  370 U.S. at 6-7.  Unless *both* of these prerequisites are met, "a

suit for preventive injunctive relief must be dismissed."  *United States v. American Friends*

*Service Committee*, 419 U.S. 7, 10 (1974).

---

[4]Portions of the Court's holding in *Bob Jones University v. Simon* were modified by *South Carolina v. Regan*, 465 U.S. 367, 372-82 (1984).

[5]As noted in footnote 4, the doctrine enunciated in *Enochs v. Williams Packing & Navigation Co.* was partially modified by *South Carolina v. Regan*, 465 U.S. at 372-82. *See also Talarico v. Brown*, Civil No. 7-143-P-H, 2008 U.S.Dist. LEXIS 24757, 2008 WL 782519 (D. Me. March 21, 2008) ("Talarico's claims do not meet the two refund related limited exceptions recognized in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962) and *South Carolina v. Regan,* 465 U.S. 367 (1983)."), which was a magistrate judge's Report and Recommendation.

Plaintiff's Complaint, except for the matters relating to Plaintiff's attempt to quash the third-party summonses (which are being addressed in a separate civil action), contains no specific facts which would show that the government would not prevail on the merits. The use of "buzz words" is insufficient to show that the government would not prevail on the merits. *See* 26 U.S.C. § 3402, and its prior versions.

As to the second prerequisite, Plaintiff has adequate remedies at law. All United States Court of Appeals have held that the right of a taxpayer to petition the Tax Court and his or her right, in the alternative, to pay and tax, file an administrative claim for refund, and then sue for a refund (in a federal district court) are adequate remedies at law. *See*, *e.g.*, *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313-14 & n. 1 (9th Cir. 1982) (denying injunction, even though the Service failed to mail notice of deficiency to the taxpayer's last known address, because the taxpayer did not establish that it had no adequate remedy at law, or that irreparable injury would result from the denial of the injunction). Plaintiff can petition the Tax Court. If any federal taxes have already been paid, Plaintiff can begin administrative, and, if necessary, judicial proceedings in a federal district court to recover a refund.

Moreover, the Declaratory Judgment Act would not give Plaintiff the protection of its provisions because there is an exception with "respect to Federal taxes." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act's tax exception, and the Anti-Injunction Act, work together to insure that preemptive taxpayer litigation will not frustrate the efforts of the Internal Revenue Service (the "IRS") to assess and collect federal taxes." *Spencer v.*

*Brady*, 700 F. Supp. 601, 602 (D.D.C. 1988).  *See also American Society of Association Executives v. Bentsen*, 848 F. Supp. 245, 247-50 (D.D.C. 1994).

The Anti-Injunction Act does not allow a federal district court to restrain the assessment or collection of the disputed taxes in this case — which is Plaintiff's ultimate goal.  Furthermore, Plaintiff has not shown that any of the statutory or judicially created exceptions to the Anti-Injunction Act are applicable.  Plaintiff has adequate remedies at law, even though the pleadings contain indications [ECF No. 1-1, at page 46] that Plaintiff has refused to avail himself of those remedies:

> Under the second prong of the *Williams Packing* test, the plaintiffs must show that denial of an injunction will cause them irreparable harm and that they have no adequate remedy at law. "*Americans United*", 416 U.S. at 762; 94 S.Ct. at 2059. Plaintiffs have not made such a showing.  A plaintiff's First Amendment rights are not implicated by a Congressional requirement that its lobbying expenses may not be paid for in part by a tax subsidy.  *See Taxation With Representation*, 461 U.S. at 550; 103 S.Ct. at 2003; *Cammarano v. U.S.*, 358 U.S. 498, 513, 79 S.Ct. 524, 533, 3 L.Ed.2d 462 (1959).   In addition, the Supreme Court has stated that an anticipated reduction in income through contributions or dues pending the outcome of a refund suit does not suffice as irreparable injury under the *Williams Packing* analysis. "*Americans United*", 416 U.S. at 761-763.
>
> The plaintiffs' complaint also fails to meet the second prong of the *Williams Packing* test because they have available alternative legal remedies.  The plaintiffs have the opportunity to obtain appropriate judicial review of their claims.  First, if they elect not to pay the applicable taxes, the plaintiffs, as individual taxpayers, may challenge the requirements of sections 162(e) and 6033(e) by bringing a subsequent suit in the United States Tax Court challenging any tax delinquency with which they may be assessed. *See* 26 U.S.C. § 6213. Second, the plaintiffs may elect to pay the taxes then bring a tax refund action in the United States District Court or the

United States Court of Federal Claims.  *See* 26 U.S.C. § 7422.

> Plaintiffs assert that they have no alternative remedy to
> challenge the notification provisions of section 6033(e)(1)(A)(ii)
> because if the associations comply, their members will have no
> legal remedy. As was represented to the Court during the
> hearing on this motion, the associations could refuse to notify
> their members which would result in a proxy tax liability.  At
> that point, the plaintiffs could obtain a judicial hearing before
> the Tax Court, the district courts or the Court of Federal
> Claims. "A taxpayer cannot render an available review
> procedure an inadequate remedy at law by voluntarily forgoing
> it."  "*Americans United*", 416 U.S. at 762 n. 13; 94 S.Ct. at
> 2059 n. 13.

*American Society of Association Executives v. Bentsen*, 848 F. Supp. at 249-50.  *See also*

*See also Talarico v. Brown*, Civil No. 7-143-P-H, 2008 U.S.Dist. LEXIS 24757, 2008 WL

782519 (D. Me., March 21, 2008) (suit by taxpayer, purportedly under Americans with

Disabilities Act and other statutes, contending that his obsessive compulsive disorder

prevented him from filing tax returns: "As for Talarico's efforts to resurface this case as one

brought pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 or the ADA: 'Painting a

pumpkin green and calling it a watermelon will not render its contents sweet and juicy.'

*Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 24 (1st Cir.2002)."), which was a magistrate

judge's Report and Recommendation.

In other cases filed by tax protesters against the Service, its employees or officials,

federal courts have rejected similar contentions raised by Plaintiff in the case at bar.  *See*,

*e.g.*, *Stonecipher v. Bray*, 653 F.2d 398 (9th Cir. 1981); and *Wise v. Commissioner of

I.R.S.*, 624 F. Supp. 1124 (D. Mont. 1986).  Also, the characterization of this case as a civil

action do not defeat the applicability of the Anti-Injunction Act.  *See Sato v. Peterson*, 1995

U.S.Dist. LEXIS 10093, *21-*25 (N.D. Ill. July 18, 1995) (magistrate judge's Report and Recommendation), *adopted*, 1995 WL 591460 (N.D.Ill. Oct. 4, 1995).

The Service may not be sued under the *Bivens* doctrine. A *Bivens* action may not be brought against agencies of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).


### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice*. *See* 28 U.S.C. § 1915. *See also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").[6]    Plaintiff's attention is directed to the important Notice on the next page.


April 18, 2011                                   s/Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge

---

[6]As earlier stated, a separate civil action has been assigned to address Plaintiff's claims relating to his attempt to quash the third-party summonses. See *Randolph W. Mayley v. United States of America, et al.*, Civil Action No. 8:11-0896-JMC-JDA. This Court may take judicial notice of Civil Action No. 8:11-0896-JMC-JDA. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).