## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Randolph Warren Mayley, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:11-cv-0768-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Greta McPherson, *IRS Agent # 08-60560*; | ) | |
| McPherson's Coworkers, *as individuals*; | ) | |
| Internal Revenue Service, *her employer,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is currently before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Doc. 13], filed on April 18, 2011. Plaintiff Randolph Mayley ("Plaintiff") brings this action to quash summonses issued by IRS agents to third parties concerning the assessment and collection of Plaintiff's tax liability. The Magistrate Judge recommended this action be dismissed without prejudice. The Report sets forth in detail the relevant facts and legal standards on this matter which the court adopts herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's

recommendation or recommit the matter with instructions. *See* 28 U.S.C. 636(b)(1).

After receiving the Magistrate Judge's Report, Plaintiff timely filed objections [Doc. 17]. The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *See Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). Objections must specifically identify the portions of the Report to which the objections are made as well as the basis for such objections; failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon review, this court finds the majority of Plaintiff's objections relate to Plaintiff's request to quash IRS's summonses issued to third parties. On November 01, 2011, the court denied a petition to quash the same summons at issue in the instant case in another action filed in this court captioned *Mayley v. United States of America et al.,* 8:11-cv-00896-JMC. The court's order in the aforementioned case mooted Plaintiff's claims in this action related to the IRS summonses.

However, the court was able to detect one specific objection to the Magistrate Judge's Report which warrants some discussion. Plaintiff specifically objects that the Magistrate Judge erred in finding that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), which prohibits interference by the court in matters pertaining to the IRS's collection and assessment of taxes,

2

applies in this case. Plaintiff asserts that the AIA does not apply here because his claim concerns the "illegal assessment and collection of tax" as opposed to the "assessment or collection of any tax" which the AIA controls. However, Plaintiff has not provided the court with specifics of illegality by the IRS or its agents. Moreover, it is not appropriate for the court to intervene in such tax matters where the taxpayer claims "he does not owe a tax, or that it has been illegally assessed." *Jewel Shop of Abbeville, South Carolina v. Pitts,* 218 F.2d 692 (4th Cir. 1955). Thus, the court finds that this objection is meritless.

## CONCLUSION

After a thorough review of the Report and the record in this case, the court finds Plaintiff's objections are without merit. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 13] and dismisses this action in its entirety.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 21, 2012
Greenville, South Carolina

3